May it please the Court, Holly Sullivan on behalf of Mr. Mora-Angel. Counters, at this time I would like to reserve two minutes if possible for rebuttal. That's fine. Thank you. Mr. Mora-Angel was given a sentence nearly double the Joint Recommended Guideline range without adequate and sufficient notice by the District Court before the District Court chose, at the sentencing hearing, without notice to depart or to give an upward variance. Mr. Mora-Angel pled guilty to transportation of illegal aliens and contained within the plea agreement was the factual basis for a six-level upward enhancement. The basis for that six-level upward enhancement was also contained and noted within the pre-sentence report. The pre-sentence report did not find any factors that warranted an upward departure or adjustment in this case. At the sentencing hearing, after defense counsel had completed the sentencing pitch on behalf of Mr. Mora-Angel, the District Court then stated that he was considering giving a sentence upward or outside of the guideline range in this case. And that was the first that Mr. Mora-Angel and his counsel had heard of the District Court's intent to depart upward. Was there an objection?  There was not an objection to plain error when the District Court pronounced a sentence of 50 months. The guideline range in this case was 32H. No, was there an objection to lack of notice? There was not an objection to 32H objection. There was not an objection to a lack of notice. So did we review for plain error? Although the counsel did object to the reasonableness of the sentence, but even if this Court were to review for plain error, that's covered by Evans-Martinez, and this Court found that a lack of notice by the District Court of an upward variance. So Evans-Martinez says that post-Booker, 32H still applies, and the District Court has to give notice. Correct. Okay. Now, our case law says that notice could be given at the beginning of the hearing if the Court says, okay, I'm thinking about, we're just calculating the advisory guideline range. Forget all the 3553A factors and all that that goes on. Our case law says that if it's possible that the judge could satisfy this obligation by at the beginning of the hearing saying, I am contemplating departing from the applicable guideline range, here's why, here's the facts, and here's the reason. And our case law seems to be okay. Now, did that happen here? That did not happen here. What went wrong? I agree with the Court's assessment. There have been cases, I believe the Hernandez case is one, in which the District Court at the outset of the sentencing hearing says, counsel, I intend to give an upward variance of whatever kind, an adjustment or departure. Forget variance. In the old days, it was just straight under the guidelines. It was a departure. If the District Court at that time gives adequate notice, which is both saying I'm going to give four levels or giving some type of notice of the amount of the upward departure or adjustment, and also stating the basis. The facts. The facts. And the legal rule. Factual and legal rule. Okay, so what happened? Why didn't that, what went wrong here? Well, in this case, the District Court merely said he was considering going outside of the guideline range. Was the notice that he gave, you commented that was after you had made some arguments in front of him. Was the notice that he gave, he says, I think it's fair to share with you the Court's considering an adjustment above the guideline in this case. Is that notice come too late in the proceeding, even if he had added reasons? It does come too late in the proceeding. The case law is clear that it's supposed to be at the outset of the sentencing hearing. So before you started talking, he needed to give you some notice. In order to give adequate notice, I believe that's the case. You had an opportunity to talk after he gave that notice. Correct. The District Court, though, failed to give the basis. Right. Well, that was the second question. He's given notice here. He doesn't really give the basis until the end of the hearing. Had he given that basis at this point, would that have been sufficient notice to you to give you an opportunity then to address his concerns? The case law still requires that the District Court give notice at the outset of the sentencing hearing. Well, I mean, outset of something, of some kind of a proceeding, right? I mean, he could have said, okay, we're going to start over again because, obviously, I didn't give you the notice, so let's take it from the top. That's correct. The Court could have done that. The Court did not do that in this case. The District Court then proceeded to give between a three- and four-level upward variance or departure based upon an area that is covered by the guidelines. The District Court, in pronouncing the 50-month sentence, said, this is an area that is not contemplated by the guidelines. These factors are not contemplated by the guidelines. And, in fact, the factors that the Court relied on are exactly those types of factors that are contemplated by the guidelines. Criminal history, which was already determined within the pre-sentence report. And, additionally, the District Court relied on the factors which were listed for the six-level upward enhancement for substantial risk. Under this Court's prior precedent in Lopez-Garcia, the District Court cannot give an enhancement. There's something that kind of bothers me a little bit. Maybe it's not significant. But, you know, after Booker, does this really make sense? I do think it makes sense. The problem – Well, let me put it to you this way. Suppose the judge hadn't said anything about, I'm going to give a sentence beyond the guidelines. Suppose he just – you made your argument, he listened to you, got down to calculating the guideline range, and then said, now I've got to consider all these 3553A factors. And I think his circumstances are such that a sentence of whatever it was, 30 months, is more appropriate here. What's wrong with that? Well, the problem is when the District Court can't give – can't attempt to circumvent an impermissible guideline enhancement by relying solely on 3553A. What case says that? The guidelines are advisory, right? Correct. The guidelines are advisory. But it's – And they are a factor. You know, I'm just – I don't know how this is all going to shake out. We need to see what the Supreme Court says in Gall. But I just raised that as a point of inquiry.  And that is not an issue that has been decided yet by this Court. No, I know. We said in – what is it, Evans-Martinez? In Evans-Martinez. We said 32H still applies. It applies. So the District Courts have to comply with it. The Court has been clear, though, that a District Court – the starting point for a District Court is a correct application of the guidelines or a correct determination of the guidelines. And to then allow – We also said in Mohammed that departures and variances and all that all collapse into one. Right. The problem or the concern with allowing a District Court to circumvent what has already been determined in the guidelines and in prior case law to be – But if they're only advisory, what difference does it make? It makes a difference as to notice. And if – although the guidelines are advisory, the guidelines are still a factor for the District Court to consider in fashioning a sentence that's – You think they should be a substantial factor? Don't answer that question. I'm only – I'm sorry. In this case, yes. But not in the next case. Possibly not in the next case. Your Honors, and in this case, then, the District Court did rely on factors which were already taken into account by both parties in fashioning the plea agreement in this case. I see, Your Honor, that I do have about two minutes left, so if I could possibly reserve. Go ahead. Good morning, Your Honors. May it please the Court, Alessandra Serrano on behalf of the United States. I'd like to answer Judge Paez's question first. Does this make sense after Borker? And the answer to that on the government's position is no. I understand that this Court's precedent, Evans-Martinez, that notice does apply. However, in this case, the District Court did give notice. Granted, defense counsel was given an opportunity to speak first, and then the notice that a upward or a sentence outside the guidelines – Bill, go ahead. Does the – does what the District Court say comply with Rule 32H? The notice does. However, he did not list the reasons. He didn't give his reasons. He doesn't give it until the very end when he pronounces the sentence, and at that point, it's too late for anybody else to talk. However, in this case, and I don't mean to make light of this, there was literally a pink elephant in the courtroom. It was very clear what the District Court and what – I was there, Ms. Sullivan was there, what the Court was talking about. We're talking about the aggravated nature of the offense. Yeah, but you negotiated – I don't know whether you personally, but the government negotiated this plea agreement. Plea agreement of a low end of the advisory guideline range of 30 months. Right, of 30 months. So where was the pink elephant? Where was the pink elephant during the negotiations? There were – without getting into the plea negotiations, there were other reasons other than just the events. However – I have to say, that seems a little disingenuous of the government to say, well, there are other considerations that informed our judgment that we should only ask for 30 months, and then tell us that there's a pink elephant in the room, and the Court was entirely justified in adding another 20 months. I respectfully disagree, Judge Bybee, and this is why. The PSR laid out all of the specific offenses – or the specific characteristics of this defendant. The fact that he had a recent criminal history, which, granted, was calculated in the criminal history, but his lack of law abiding-ness while on probation, on parole, his pattern of fleeing law enforcement, causing – These were things the government was not aware of at the time it negotiated the plea agreement? These were things that – I negotiated this plea, and I was not aware of the specific parole violations, probation violations, fleeing law enforcement. Well, you know, given all of that, and assuming the probation officer understood all that, had that background, and then, you know, in the report, it says, factors that may warrant departure. None. None. Yes. None. I – yes. Yes, it's very bad. So to use Judge Bybee's words, the probation officer didn't see a pink elephant hanging around the courthouse. Well, except that the probation officer did recommend a high end of the advisory guideline range, and at the time that this plea – Still within the range, though. Absolutely. But at the time, they were talking about a sentencing date of 2005. We're still dealing with how bookers affect on sentences, and routinely probation officers were recommending within guideline, if they didn't recommend a specific departure or adjustment, they were recommending sentences within the advisory guideline range. Now that it is a little bit more clear, not crystal clear, but more clear about how booker affects sentences, Your Honor raised the Muhammad case, where departures and adjustments are literally a thing of the past, and that this court would review a sentence for reasonableness. And so that's where I'm going to move to my next topic, unless Your Honors have any questions on the 32H. Even if this court finds that the district court did not comply with 32H by giving the specific reasons, at the end of the day, if Your Honors remand this case back to the district court, the district court can certainly impose the same sentence, and then we're back up here again, and Your Honors are returning. That would at least give Ms. Sullivan a chance to press her case as to why he shouldn't do that, right? Very well. An opportunity that she's not had to this point. She did have an opportunity, because all of the factors were listed in the PSR, and certainly – with a recommendation from the government of 30 months, and a recommendation from the PSR of 37 months, and she had no reason to know at that point that the district court was going to pile on. No, she did not have notice of that, that he was going to pile on. That might have been – that seems to be what 32H addresses, is if the district court is planning on doing something different, not within the guidelines, then the district court is to give the parties notice and give them an opportunity to address his concerns. That is true. However, if we're talking about a sentence under 3553A, which is what this district court did, he did not give any specific departure or adjustment under the guidelines, and now that we have the Muhammad case, we're back to whether the sentence is reasonable or not. The desk hasn't settled yet, but in the meantime, 32H still applies. Yes, it does still apply. But this court will ultimately, presumably, get this case back, even if Your Honor's remanded. We don't know what's going to happen. No, we don't. But at the end of the day, you still have to review whether the sentence is reasonable. And for all of the reasons set forth in the government's brief, a 50-month sentence is reasonable given the defendant's criminal history, the fact that he's a pattern of fleeing law enforcement. The fact, in this case, and I would like to note, the six-level upward adjustment for the substantial injury and dangerousness. Well, you know, it would be kind of odd if we were to say there's a 32H violation and we have to send it back. And, oh, by the way, if you want to impose this same sentence again, we think it's reasonable. So just go ahead and do it. Those are the issues before your report. We wouldn't. I understand. We wouldn't do that. I would just like to note that. Speak for anybody else. That's why you wear the black robe, Judge. Well, thank you. I would just like to point out that there's two different types of conduct here that would justify an additional departure for the fleeing law enforcement. On the PSR on page one, it talks about, in depth, the defendant's erratic driving, the group of suspected illegal aliens entering and exiting the vehicle. This all occurred before any law enforcement pursuit. So he was driving erratically and causing danger to himself, the people in the car, and others around him even before law enforcement got involved. It was then the pursuit occurred, and then that's when he was driving at 70 to 90 miles an hour. He was failing to yield to law enforcement. He was driving northbound or southbound on the northbound side of an interstate, and he's fleeing on foot. So the district court and this court could take notice that there were two distinct acts that would warrant such a departure. So with that, unless Your Honors have any questions, the government will submit. I have one very brief comment, Your Honors. If the court were to find that a district court would not have to give notice and would be able to give a sentence up to the statutory maximum in any case, there would be no need to find what the true guideline range would be. Any person who was pleading guilty, whether they had a plea agreement with agreed-upon guideline range or not? Well, it's one thing to calculate the base offense level that applies, the adjustments for conduct and whatnot. It's another, it's something else to say that in the old scheme you could depart if the guideline was outside the heartland of the conduct or the offense or whatever, the circumstances. So you could formally depart and arrive at either a higher guideline range or a lower guideline range. Now, we said in Mohamed that that departure adjustment scheme really doesn't have as much meaning as it did under the old mandatory system. And we now look at, ultimately, we look at the reasonableness of the sentence in light of the 3055-3A factors. I thought that's where we were heading, but it's still not clear. I stopped really trying to rationalize all of this until we hear from the Supreme Court. I agree, Your Honor. The concern is that if a court is allowed to do that, a district court is allowed to do that without giving notice of what the actual factual and legal circumstances are, then there is no application. Well, in rendering this, you know, it's clear from the Supreme Court in Booker that the district court, and in the recent, was it Rita? Is it Rita, the recent case? Rita. You know, the district court judges have to give, have to explain the basis for their sentence. Correct. And in Rita also, the Supreme Court did note that 32H does still apply. And looking at that, the district court still would have to give notice under Burns the basis for the notice. That's fine. And the district court did not do so. It applies. Thank you. Okay. Our next case is United States v. Henry Alexander Phillips.
judges: T.G. Nelson, Paez, Bybee